**BC LAW GROUP, P.C.**
Brett E. Cooper (*pro hac vice* forthcoming)
bcooper@bc-lawgroup.com
Seth Hasenour (*pro hac vice* forthcoming)
shasenour@bc-lawgroup.com
Jonathan R. Yim (*pro hac vice* forthcoming)
jyim@bc-lawgroup.com
Drew B. Hollander (*pro hac vice* forthcoming)
dhollander@bc-lawgroup.com
Ashley M. Ratycz (*pro hac vice* forthcoming)
aratycz@bclgpc.com
Scott E. Kolassa (CA Bar No. 294732)
skolassa@bclgpc.com
200 Madison Avenue, 24th Floor
New York, NY 10016
Tel: (212) 951-0100
Fax: (212) 951-0330

*Attorneys for Plaintiff*
*Universal Connectivity Technologies Inc.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL CONNECTIVITY TECHNOLOGIES INC., <br><br> Plaintiff, <br><br> v. <br><br> LENOVO GROUP LIMITED, <br><br> Defendant. | Misc. Case No. 5:25-mc-80188 <br><br> [Related to Action Currently Pending in the United States District Court for the Eastern District of Texas, Case No. 2:23-cv-00449-JRG] <br><br> **NOTICE OF MOTION AND MOTION TO COMPEL NON-PARTY NVIDIA CORPORATION TO COMPLY WITH DEPOSITION SUBPOENA** <br><br> Date: August 13, 2025 <br> Time: <br> Dept.: <br> Judge: |

1

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES, THEIR ATTORNEYS OF RECORD, AND NON-PARTY NVIDIA CORPORATION, AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE on Wednesday, August 13, 2025, or as soon thereafter as counsel may be heard, Universal Connectivity Technologies Inc. ("UCT") will move this Court for an order pursuant to Rule 45 of the Federal Rules of Civil Procedure, to compel non-party NVIDIA Corporation ("NVIDIA") to comply with the subpoena dated May 21, 2025, and granting such other and further relief as may be just and proper.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities herein, the supporting declaration of Scott E. Kolassa ("Kolassa Decl.") and accompanying exhibits, the proposed order submitted herewith, and on such other evidence as may be presented at any hearing on this Motion.

**TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 1

    I.    INTRODUCTION ............................................................................................................ 1

    II.   UCT'S TOPICS FOR EXAMINATION ........................................................................ 2

    III.  LEGAL STANDARD ...................................................................................................... 2

    IV.  ARGUMENT ................................................................................................................... 3

        A.    The Requested Discovery is Relevant and Important to the LGL Case ................... 3

        B.    NVIDIA Does Not Have a Valid Excuse for Failing to Comply with the Subpoena ................................................................................................................... 4

    V.   CONCLUSION ................................................................................................................ 4

# TABLE OF AUTHORITIES

**Cases**

*DeLorme v. Big Think Capital, Inc.*,
  No. 2:23-mc-00037-FLA-MAR, 2023 WL 8125766 (C.D. Cal. Oct. 18, 2023) .......................... 3

*Gonzales v. Google, Inc.*,
  234 F.R.D. 674 (N.D. Cal. 2006) ................................................................................................ 3

*Lofton v. Verizon Wireless (VAW) LLC*,
  308 F.R.D. 276 (N.D. Cal. 2015) ................................................................................................ 3

*Negotiated Data Solutions LLC v. Dell, Inc.*,
  No. C09–80012MISC JF (HRL), 2009 WL 733876 (N.D. Cal. Mar. 17, 2009) .......................... 3

*Truswal Sys. Corp. v. Hydro-Air Engineering, Inc.*,
  813 F.2d 1206 (Fed. Cir. 1987) .................................................................................................. 3

*Universal Connectivity Techs. Inc. v. Lenovo Group Limited*,
  No. 2:23-cv-00449-JRG (E.D. Tex.) ...................................................................................... 1, 3

*Viacom Int'l, Inc. v. YouTube, Inc.*,
  No. 08-cv-80211, 2009 WL 102808 (N.D. Cal. Jan. 14, 2009) .................................................. 2

**Other Authorities**

Advisory Committee Notes (1970) ................................................................................................ 2

**Rules**

Fed. R. Civ. P. 26 ..................................................................................................................... 2, 3

Fed. R. Civ. P. 45 ................................................................................................................. 2, 3, 4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 45(d), Universal Connectivity Technologies Inc. ("UCT") respectfully asks this Court to compel non-party NVIDIA Corporation ("NVIDIA") to comply with the subpoena to testify at a deposition that UCT served on NVIDIA, attached to the Kolassa Decl. as Exhibit 2.

The underlying litigation giving rise to this Motion is a patent litigation matter between Plaintiff UCT and Defendant Lenovo Group Limited ("LGL") in the Eastern District of Texas. *Universal Connectivity Techs. Inc. v. Lenovo Group Limited*, No. 2:23-cv-00449-JRG (E.D. Tex.) (the "LGL Case"). In the LGL Case, UCT accuses certain LGL products (*e.g.*, computers, monitors, and docking stations – collectively, the "LGL Products") of infringing eight of UCT's patents. LGL's Products include various third-party components that provide the relevant infringing functionality. LGL identified NVIDIA as one of its third-party component suppliers.

On June 24, 2024, UCT first served a subpoena on NVIDIA for the production of relevant documents including source code and technical documents related to the NVIDIA components used in the LGL Products. Kolassa Decl. at ¶ 2. After lengthy discussions and negotiations, NVIDIA eventually produced source code and documents in response to the subpoena. *Id*. Following UCT's review of NVIDIA's production, UCT requested that NVIDIA provide a declaration identifying which produced source code corresponds to each identified NVIDIA component. Ex. 1 (May 13 email). Despite UCT's requests, NVIDIA failed to initially provide the required information. Kolassa Decl. at ¶ 4.

On May 21, 2025, UCT served a second subpoena on NVIDIA for a deposition directed to authenticating NVIDIA's production and identifying which produced source code corresponds to each identified NVIDIA component. Ex. 2. However, UCT explained that it was willing to forego the deposition if NVIDIA provided an acceptable declaration addressing these issues. Ex. 3 (May 21 email). UCT further provided NVIDIA with a draft of the requested declaration on June 24, 2025. Ex. 4. While NVIDIA eventually provided a document with the requested information identifying which produced source code corresponds to each identified NVIDIA component,

NVIDIA has refused to provide a declaration to authenticate its production. Kolassa Decl. at ¶ 8. As such, UCT requires a deposition to authenticate NVIDIA's production.

The deadline to complete fact discovery and file motions to compel discovery in the LGL Case is July 9, 2025. Kolassa Decl. at ¶ 9. At this point, UCT requires Court intervention to compel NVIDIA to comply with the subpoena and provide a witness to authenticate its production. While UCT has reiterated multiple times that it is willing to accept a declaration in lieu of a deposition, NVIDIA has failed to provide a declaration prior to the fact discovery deadline. As a result, court intervention is necessary to compel NVIDIA to comply with the subpoena.

## II. UCT'S TOPICS FOR EXAMINATION

Pursuant to Civil Local Rule 37-2, UCT sets forth below the topics for examination in its subpoena to NVIDIA that are at issue in this Motion.

**TOPICS FOR EXAMINATION**

2. Creation, authorship, maintenance, preservation, custodianship, and use of documents produced by NVIDIA in response to UCT's subpoena dated June 24, 2024, including the documents bates labeled NV44900000000 – NV44900014897.

3. Creation, authorship, maintenance, preservation and use of source code produced for review in response to UCT's subpoena dated June 24, 2024, including the source code contained in the documents bates labeled NV-UCT-LENOVO- SC_0000001 - NV-UCT-LENOVO- SC_0000115.

4. Creation, authorship, maintenance, preservation and use of source code implementing the Accused Features in the NVIDIA Chipsets.

6. Identification of which produced source code directory corresponds to each NVIDIA Chipset

## III. LEGAL STANDARD

Parties to litigation may serve subpoenas seeking discovery from nonparties pursuant to Federal Rule of Civil Procedure 45. Fed. R. Civ. P. 45. The scope of permissible discovery under a Rule 45 subpoena is the same as the scope of discovery allowed under Rule 26. *See Viacom Int'l, Inc. v. YouTube, Inc.*, No. 08-cv-80211, 2009 WL 102808, at *2 (N.D. Cal. Jan. 14, 2009) (quoting Advisory Committee Notes (1970)). A party may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. *See*

- 2 -

Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible in evidence to be discoverable. *See id.*; *Negotiated Data Solutions LLC v. Dell, Inc.*, No. C09–80012MISC JF (HRL), 2009 WL 733876, at *2 (N.D. Cal. Mar. 17, 2009). Relevancy is to be "construed liberally and with common sense and discovery should be allowed unless the information sought has no conceivable bearing on the case." *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 280 (N.D. Cal. 2015) (citation and quotation omitted). "A District Court whose only connection with a case is supervision of discovery ancillary to an action in another district should be especially hesitant to pass judgment on what constitutes relevant evidence thereunder. Where relevance is in doubt… the court should be permissive." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 681 (N.D. Cal. 2006) (quoting *Truswal Sys. Corp. v. Hydro-Air Engineering, Inc.*, 813 F.2d 1206, 1211-12 (Fed. Cir. 1987)).

"The recipient of a Rule 45 subpoena has several options: he or she may elect to comply with the subpoena, move to quash the subpoena based on undue cost or burden, object to the subpoena's form, or challenge the subpoena pursuant to the procedures set forth in Rule 45." *DeLorme v. Big Think Capital, Inc.*, No. 2:23-mc-00037-FLA-MAR, 2023 WL 8125766, at *2 (C.D. Cal. Oct. 18, 2023) (citing Fed. R. Civ. P. 45(d) and (e)). "If the recipient responds to a subpoena with objections, the party who served the subpoena may move for an order compelling compliance." *Id.*

**IV.    ARGUMENT**

  **A. The Requested Discovery is Relevant and Important to the LGL Case**

The documents and source code produced by NVIDIA directly relate to UCT's infringement allegations in the underlying LGL Case. Importantly, because LGL does not have access to the technical documents and source code for the NVIDIA components used in LGL's Accused Products, the only way for UCT to obtain the discovery that it needs to prove its infringement case for Accused Products with NVIDIA components is directly from NVIDIA.

Fact discovery in the LGL Case is set to close on July 9, 2025. UCT has repeatedly requested that NVIDIA provide an acceptable business records declaration to authenticate its production and identify which produced source code corresponds to each identified NVIDIA component for *months*, to no avail. NVIDIA, however, has refused to provide a declaration prior to the discovery deadline. Topics 2, 3, 4, and 6 are specifically directed to the issues of authenticating NVIDIA's production

- 3 -

1   and identifying which produced source code corresponds to each identified NVIDIA component. At this stage, UCT is forced to request Court intervention to compel compliance with its subpoena.

### B. NVIDIA Does Not Have a Valid Excuse for Failing to Comply with the Subpoena

NVIDIA has failed to provide a witness to testify in response to UCT's subpoena. NVIDIA has also failed to provide a declaration in lieu of a deposition. Despite UCT's persistence in attempting to work with NVIDIA to avoid the need for a deposition, NVIDIA has evaded UCT's request for months. Accordingly, because NVIDIA has failed to provide a declaration by the discovery deadline, UCT respectfully requests that this Court compel NVIDIA to provide a witness to testify regarding Topics 2, 3, 4, and 6 in the subpoena. These Topics are narrowly targeted and are not unduly burdensome for NVIDIA.

### V. CONCLUSION

Given that fact discovery in the LGL Case is set to close on July 9, 2025, UCT respectfully requests that the Court compel NVIDIA to comply with its obligations pursuant to the subpoena. In the alternative, UCT respectfully requests that this Court transfer this Motion to the Eastern District of Texas, pursuant to Fed. R. Civ. P. 45(f), where the original case is pending, so that the Texas court can resolve the issues herein.

DATED: July 9, 2025                                     Respectfully submitted,

By: */s/ Scott E. Kolassa*

**BC LAW GROUP, P.C.**
Brett E. Cooper (*pro hac vice* forthcoming)
bcooper@bc-lawgroup.com
Seth Hasenour (*pro hac vice* forthcoming)
shasenour@bc-lawgroup.com
Jonathan R. Yim (*pro hac vice* forthcoming)
jyim@bc-lawgroup.com
Drew B. Hollander (*pro hac vice* forthcoming)
dhollander@bc-lawgroup.com
Ashley M. Ratycz (*pro hac vice* forthcoming)
aratycz@bclgpc.com
200 Madison Avenue, 24th Floor
New York, NY 10016
Tel: (212) 951-0100

**BC LAW GROUP, P.C.**
Scott E. Kolassa, (CA Bar No. 294732)
skolassa@bclgpc.com
200 Madison Avenue, 24th Floor
New York, NY 10016
Tel: (212) 951-0100

*Attorneys for Plaintiff Universal Connectivity Technologies Inc.*